GANDÍA, PETICIONARIO, *v.* LA CORTE DE DISTRITO DE SAN JUAN, DEMANDADO.

SOLICITUD para que se expida un auto de *certiorari* dirigido a la Corte de Distrito de San Juan, Primer Distrito, Hon. Charles E. Foote, Juez.

No. 380.—Resuelto en julio 29, 1922.

RECONSIDERACIÓN DE SENTENCIA — SENTENCIA DICTADA EN RECONSIDERACIÓN. — Una vez que una sentencia de la Corte Suprema ha sido reconsiderada y se ha señalado una nueva vista, tal sentencia queda anulada y el pleito se resuelve por la nueva sentencia que se dicte.

EJECUCIÓN DE SENTENCIA—APELACIÓN—SUSPENSIÓN DE EJECUCIÓN.—La mera admisión de un recurso de apelación establecido contra una sentencia dictada por la Corte Suprema, no suspende la ejecución de dicha sentencia. La ejecución queda suspendida cuando prestada y aprobada la fianza señalada para ella, así se ordena.

ID.—NULIDAD—*Certiorari.*—No constando que la orden de ejecución de la sentencia se librara por la Corte de Distrito y el cumplimiento de la misma se llevara a efecto con posterioridad a la aprobación de la fianza de suspensión

por la Corte Suprema, no obstante haberse realizado todos dichos actos el mismo día, erró la Corte de Distrito al resolver que su orden de ejecución era nula y el error cometido puede corregirse en *certiorari*.

Los hechos están expresados en la opinión.

Abogado del peticionario: *Sr. José de Guzmán Benítez.*

Abogado de la parte contraria: *Sr. G. Cruzado Silva.*

EL JUEZ PRESIDENTE SR. DEL TORO, emitió la opinión del tribunal.

Pedro Gandía, el 22 de julio actual, presentó en esta corte una colicitud de *certiorari*. El auto fué expedido y señalada la vista para el 28. Asistieron el peticionario por su abogado y la Porto Rico Fertilizer Company por el suyo y el caso quedó sometido a la consideración y resolución del tribunal.

De la solicitud y de la contestación, y de los autos originales en el pleito No. 9463, Pedro Gandía *v.* Porto Rico Fertilizer Company, sobre cobro de dividendos, elevados por la Corte de Distrito de San Juan, Primer Distrito, a virtud del auto, resulta lo que sigue.

El 8 de julio de 1922 el Secretario de esta Corte Suprema remitió al de la Corte de Distrito de San Juan, Primer Distrito, copias certificadas de las sentencias y opiniones del Tribunal Supremo de 24 de abril y 3 de julio de 1922 en el caso No. 2474, Pedro Gandía *v.* Porto Rico ertilizer Company.

El once de julio Pedro Gandía por su abogado presentó a la corte de distrito un escrito cuya súplica dice:

"Suplica a la corte se sirva ordenar el cumplimiento de la sentencia del Tribunal Supremo en este pleito y la ejecución de la misma disponiendo que por el secretario de esta corte se expida el correspondiente mandamiento para que dicha ejecución tenga efecto contra los bienes de la corporación demandada hasta hacer pago al demandante del capital de ocho mil doscientos treinta y cuatro dollars, seis centavos y los intereses de esta suma, al seis por ciento anual desde el veinte y ocho de febrero de mil novecientos diez y siete hasta el completo pago de la deuda."

En el cuerpo del escrito se hace referencia a la sentencia dictada por la corte de distrito en el pleito el 28 de octubre de 1920 y se expone que:

"Apelada dicha sentencia, el Tribunal Supremo, resolviendo el recurso de la demandada por su sentencia de 24 de abril de 1922, confirmó el fallo inferior en cuanto condena a la Porto Rico Fertilizer Company a pagar al demandante la expresada suma de $8,234.06 dollars más los intereses de este capital al tipo del seis por ciento anual desde la fecha antes expresada y las costas del pleito. Esta sentencia fué confirmada en todos sus extremos por la del mismo Tribunal Supremo de fecha tres del corriente mes de julio."

En 13 de julio la corte de distrito libró la orden de ejecución de su sentencia de 28 de octubre de 1920 "confirmada en apelación por el Tribunal Supremo de Puerto Rico en su sentencia de 24 de abril de 1922." En la orden no se cita la sentencia de 3 de julio.

La orden fué inmediatamente cumplida entregándose por el marshal a Pedro Gandía la suma de $10,889.52. Así las cosas, en un escrito que no tiene fecha, la Porto Rico Fertilizer Company pidió a la corte de distrito que anulara el mandamiento y ordenara la restitución del dinero entregado a Gandía, basándose en:

"Que el día 12 de julio de 1922 el Tribunal Supremo de Puerto Rico, a virtud de escrito de apelación debidamente interpuesto contra la sentencia de dicho tribunal por esta demandada para ante la Corte de Apelaciones del Primer Circuito, admitió dicha apelación, suspendiendo la ejecución de la sentencia, según copia certificada de dicha orden que se une a esta moción.

"Que el demandante, a pesar de dicha orden, y aprovechándose de que la misma no había sido notificada a esta corte, gestionó festinadamente y obtuvo una orden de ejecución, y la hizo cumplir por el marshal, tomando del American Colonial Bank dinero efectivo propiedad de la demandada por más de diez mil dollars.

"Que al dictarse dicha orden de ejecución esta corte había perdido su jurisdicción sobre el caso, por virtud de la indicada orden del Tribunal Supremo."

La corte de distrito oyó a los abogados de ambas partes y el 15 de julio dictó la orden que sigue:

"Vista la moción de la demandada solicitando la restitución de ciertas cantidades que obtuvo el demandante mediante la orden de ejecución dictada por esta corte el día 13 de julio, 1922, y su diligenciamiento por el marshal en el mismo día, oídos los argumentos de ambas partes debidamente representadas por sus abogados, la corte ordena que Pedro Gandía el demandante, deposite inmediatamente en la secretaría de esta corte la suma de dinero recibida por virtud de dicha ejecución montante a diez mil novecientos cincuenta y seis dollars, setenta y cinco centavos ($10,956.75), para que sea entregada a la corporación demandada; por cuanto la sentencia del Tribunal Supremo de Puerto Rico que decide las materias en litigio entre ambas partes, y contra la cual puede establecerse un recurso de apelación legal es la dictada en 3 de julio de 1922; y por cuanto la orden del Tribunal Supremo de 12 de julio de 1922 fué dictada con anterioridad a la orden de ejecución de esta corte, por lo cual tanto la orden de ejecución como la ejecución en sí, son nulas y carecen de valor alguno."

Pedro Gandía solicitó de la propia corte de distrito la reconsideración de la orden que antecede, y habiéndole sido negada interpuso el presente recurso de *certiorari* alegando que dicha orden es enteramente nula por haber sido dictada sin jurisdicción y en contra del debido procedimiento de ley.

Para formar una idea exacta de los hechos, conocidos los procedimientos en la corte de distrito, es necesario exponer los que tuvieron lugar en la Corte Suprema.

El 24 de abril de 1922 esta corte dictó en el caso de que se trata, la siguiente sentencia:

"Por los fundamentos consignados en la anterior opinión este tribunal resuelve revocar, como revoca, la sentencia apelada que dictó la Corte de Distrito de San Juan, Sección Primera, en octubre 28, 1920, en cuanto por ella se ordena a la demandada a mantener en sus libros de acciones y de transferencia de acciones las sesenta acciones de la corporación demandada, y a tener y considerar al demandante como uno de los accionistas por las sesenta acciones mencionadas, y a pagarle los dividendos que hayan de re-

partirse por razón de los beneficios que tenga la corporación demandada; y confirmar, como confirma, la dicha sentencia en sus demás particulares. Comuníquese en la forma y a los fines procedentes.''

Uno de los particulares confirmados fué aquél por virtud del cual se condenó a la demandada a pagar al demandante $8,234.06 y sus intereses, que le correspondían por dividendos. Otro el pago de las costas.

El 6 de mayo de 1922 la demandada solicitó la reconsideración de la sentencia, y el 22 del propio mes la corte dictó una resolución que dice así:

''Por los motivos consignados en la opinión que antecede, se reconsidera la sentencia dictada el 24 de abril de 1922 y se señala una nueva vista para el 5 de junio a las 2 P. M. para oir a las partes sobre el punto relativo a las costas y a si la sentencia de la corte inferior puede ser interpretada como sostiene la parte apelada en su moción de reconsideración.''

La resolución se fundó en una opinión cuyo párrafo final lee como sigue:

''El caso, por tanto, será nuevamente señalado y las partes podrán informar sobre dos puntos, a saber, la cuestión de costas y de si la sentencia de la corte inferior puede ser interpretada como sostiene el apelado.''

Celebrada la nueva vista, el tribunal, el 3 de julio, dictó la siguiente sentencia:

''Por los fundamentos consignados en la opinión de esta corte de abril 24 de 1922 y en la que antecede la corte resuelve revocar, como revoca, la sentencia apelada que dictó la Corte de Distrito de San Juan, Sección Primera, en octubre 28 de 1920, en cuanto por ella se ordena a la demandada a mantener en sus libros de acciones y de transferencias de acciones las sesenta acciones de la corporarión demandada, y a tener y considerar al demandante como uno de los accionistas por las sesenta acciones mencionadas, y a pagarle los dividendos que hayan de repartirse por razón de los beneficios que tenga la corporación demandada; y confirmar, como confirma, la dicha sentencia en sus demás particulares. Comuníquese en la forma y a los fines procedentes.''

El 8 de julio se comunicó lo resuelto a la corte senten-
ciadora y el 11 de julio la demandada presentó un escrito
apelando de la sentencia de 3 de julio para ante la Corte de
Circuito de Boston.   El 12 de julio se admitió la apelación
y se fijó la fianza de trescientos dólares para costas y doce
mil para obtener la suspensión de la ejecución de la sentencia.
El 13 de julio las fianzas se prestaron y la corte ordenó la
suspensión.   El 14 siguiente se cumplió la orden notificán-
dola a la Corte de Distrito de San Juan.

Disponemos de muy poco tiempo para emitir una opinión
escrita.   Los hechos hablan por sí mismos.

Ha habido una gran confusión entre las partes con mo-
tivo de las dos sentencias dictadas.   Una vez que una sen-
tencia de esta corte ha sido reconsiderada y se ha señalado
una nueva vista, tal sentencia queda anulada y el pleito se
resuelve por la nueva sentencia que se dicte.   Aquí se acordó
la reconsideración pero en términos tales que señalaron un
límite a las cuestiones a discutir en la nueva vista.   Eso no
obstante al dictar su nueva sentencia el tribunal tuvo buen
cuidado de abarcar todos los extremos a fin de que dicha
sentencia fuera como es la única que resuelve definitivamente
el recurso.   Pero lo ocurrido y el hecho de ser esencialmente
iguales ambas sentencias explica la confusión del peticio-
nario.

Insiste la demandada en que la orden de ejecución de 13
de julio dictada por la corte de distrito es nula porque se
basa solamente en la sentencia sin existencia real de 24 de
abril.   Es cierto que en la orden se menciona solo la sen-
tencia de 24 de abril, pero siendo cierto también que Gandía
se basó en la de 3 de julio y que todos los antecedentes—co-
pias de ambas sentencias y de las opiniones que las funda-
mentan—estaban ante la corte y sobre todo refiriéndose la
corte correctamente a la ejecución de su propia sentencia con-
firmada en ambas ocasiones, en el particular que se mandaba

ejecutar, por la Corte Suprema, la omisión carece de importancia.

Despejado este extremo, examinemos la cuestión fundamental envuelta. La orden de ejecución de la corte de distrito se libró y ejecutó el 13 de julio. Si bien esta Corte Suprema admitió la apelación el 12 de julio, no fué hasta el 13 que ordenó la suspensión de la ejecución y hasta el 14 que su orden de suspensión se comunicó a la corte de distrito.

La orden del 12 de julio no puede ser invocada. No suspendió la ejecución. La del 13 es la importante. No consta la hora del día 13 en que se dictó la orden de ejecución por la corte de distrito y se cumplimentó. Tampoco consta la hora en que se dictó la orden de suspensión por esta Corte Suprema. De todos modos es un hecho indiscutible que cuando la orden de ejecución fué librada por la corte sentenciadora y ejecutada por su marshal, ninguna orden de suspensión de la corte de apelación había sido recibida ni consta que hubiera sido dictada, y siendo ello así, ¿a base de qué puede sostenerse que dicha orden de ejecución y su diligenciado eran nulos?

No existía base sólida alguna. La corte de distrito dió a la orden de 12 de julio de esta Corte Suprema, un alcance que no tenía. La mera admisión del recurso y fijación de la cuantía de la fianza que deba prestarse para la suspensión, no suspende la ejecución. La ejecución queda suspendida cuando prestada y aprobada la fianza, así se ordena.

Por virtud de todo lo expuesto debe anularse la orden de 15 de julio arriba transcrita y devolverse los autos a la corte inferior.

> *Anulada la orden de julio 15, 1922, declarando*
> *nula la orden de ejecución dictada el 13 de*
> *julio, 1922.*

Jueces concurrentes: Sres. Asociados Aldrey, Hutchison y Franco Soto.

El Juez Asociado Sr. Wolf no intervino en la vista de este caso.